KIMBER L. BARTON *et al.* v. J. H. STICHER, *Assignee.*
### No. 184.

1. ASSIGNMENT — *creditor must file claim with assignee within time prescribed by statute.* Where the address of a creditor is known and he has been duly served with notice, as required by paragraph 362, General Statutes of 1889, and he fails to file his claim, or attend on the day appointed and lay before the assignee the nature and amount of his demand, and there has been no *laches* on the part of the assignee, he will be precluded from any benefit of said estate.

2. ———— *time given in which to file claims cannot be extended.* The time given by paragraph 362, in which a creditor, after notice, may file his claim is sufficient for the careful and diligent, notwithstanding the accidents and mistakes which are liable to occur and cause delay, and cannot be extended.

Error from Woodson District Court.   Hon. L. Stillwell, Judge.   Opinion filed May 14, 1897.   *Affirmed.*

*J. W. Rose,* for plaintiff in error.

*Slavin & Lamb,* for defendants in error.

SCHOONOVER, J.   On the twelfth day of March, 1892, M. F. Stewart made a general assignment to I. N. Holloway for the benefit of his creditors.   On the fourteenth day of May, 1892, I. N. Holloway, having been duly elected and qualified as assignee, gave legal notice to plaintiff in error that on the thirtieth day of August, 1892, at the office of W. H. Slavens in Yates Center, Kan., he would proceed publicly to adjust and allow demands against the estate and effects of M. F. Stewart, assignor.   Plaintiffs in error received the notice, and on the fifteenth day of July, 1892, "made out a duly verified, itemized statement of said account.   That the same was securely sealed and inclosed in an envelope directed to I. N. Holloway, assignee, at Yates Center, Kan., postage prepaid, and

37—5 KAN. APP.

578     BARTON v. STICHER, *Assignee*.

S. Dept.          Opinion.   Schoonover, J.          5 Kan. App.

was deposited in the United States post-office at Kansas City, Mo. That said envelope had written upon the upper left-hand corner thereof the following words : 'Return to Barton Bros., wholesale boots and shoes, 519 and 521 Delaware Street, Kansas City, Mo., if not delivered within five days.' "

On the fifteenth day of August, 1892, plaintiffs in error wrote to the assignee as follows :

" We would like to hear how the Fred Stewart matter is progressing and if you have been reasonably successful in the collection of his book accounts, and the sale of his land, and also, when we can look for a payment of dividend. Please write us fully in this matter at your earliest convenience and very greatly oblige."

And on the twenty-second day of August, 1892, the assignee replied as follows :

" On my return from Colorado I find yours of the fifteenth inquiring about the M. F. Stewart assignment. I find collections slow and hard to make. I have many good promises of payment in the near future but many of the notes and accounts are absolutely worthless. I will do my best with them. The lands are so incumbered that there is very little can be realized from them. There will be a payment in October, as that is when court meets and it has to be paid on the order of the court."

This is all that took place between the plaintiff and defendant from the time plaintiff's claim is alleged to have been sent to the assignee, until the eighteenth day of October, 1892, more than a month after the day — August 30, 1892 — fixed by the assignee for the adjustment and allowance of claims. The assignee claims that plaintiff's verified statement of their account was not received, filed or allowed.

On the thirtieth day of January, 1893, plaintiffs filed their petition in the District Court, fully setting

forth the material facts here stated, together with the correspondence between plaintiffs and defendant, prior to the day plaintiffs forwarded to the assignee their claim.

A demurrer to the petition was filed by defendant and sustained by the court upon the ground that the petition did not state facts sufficient to constitute a cause of action. Thereupon the court dismissed the petition of plaintiffs and rendered judgment against them for costs. The plaintiffs bring the case here for review. The assignee having died, the action was revived in the name of the defendant in error.

Paragraph 362, General Statutes of 1889, provides:

"The assignee shall give notice of the time and place of adjusting and allowing demands against the estate of his assignor, by advertisement, published in some newspaper printed in the county, or, if there be none, in the one nearest the place where the inventory is filed, for three months, the last insertion to be at least four weeks before the appointed day; and, also, whenever the residence of any of the creditors is known to him, by letter addressed to such creditors at their known or usual places of residence, at least three months before the appointed day. The assignee shall attend at the place designated in said notice, in person, on said day, and shall remain in attendance at said place on said day, and during two consecutive days thereafter, and shall commence the adjustment and allowance of demands against the trust funds at nine o'clock A. M., and continue the same until five o'clock P. M. of each of said three days; and all creditors who, after being notified as aforesaid, shall not attend at the place designated during the said time, and lay before the assignee the nature and amount of their demands, shall be precluded from any benefit of said estate; but the hearing on any demand presented at the time may be continued, for good cause shown, to such time as is deemed right."

The plaintiffs received legal and proper notice from

580    BARTON v. STICHER, *Assignee.*

S. Dept.          Opinion.   Schoonover, J.          5 Kan. App.

the assignee. They had three months and a half before the appointed day to see that their claim was properly presented. The plaintiffs could not have been misled by the letter written by the assignee, August 22, 1892, for they had inquired when a dividend would be paid and had received a similar answer in May, previous to their sending their verified account to the assignee. On the fifteenth day of July, 1892, they fowarded their verified account to the assignee. Its receipt was not acknowledged ; they never inquired of the assignee if he had received their claim ; they were not present at the time the claims were adjusted and allowed, and no attempt was made to have any one represent them, and without *laches* on the part of the assignee, the showing of plaintiffs is not sufficient to justify a reversal of this case.

Where the address of the creditor is known and he has been duly served with notice, as required by paragraph 362, General Statutes of 1889, and he fails to file his claim, or attend on the day appointed and lay before the assignee the nature and amount of his demand, and there has been no *laches* on the part of the assignee, he will be precluded from any benefit of the estate.

The time given by paragraph 362, in which a creditor, after notice, may file his claim, is sufficient for the careful and diligent, notwithstanding the accidents and mistakes which are liable to occur and cause delay, and cannot be extended.

The judgment is affirmed.